IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                                         CIVIL DIVISION

EYE CENTERS OF FLORIDA, P.A.,
a Florida For Profit corporation,

        Plaintiff,

vs.                                                         CASE NO.: 18-CA-3230

LANDMARK AMERICAN
INSURANCE COMPANY, a for-profit
corporation,

        Defendant.
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, EYE CENTERS OF FLORIDA, P. A., a Florida for-profit corporation, and sues Defendant, LANDMARK AMERICAN INSURANCE COMPANY, a for-profit corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for money damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2. Plaintiff, EYE CENTERS OF FLORIDA, P. A. ("EYE CENTERS"), was and is a for-profit corporation organized and incorporated under the laws of the State of Florida, and doing business in Lee and Collier Counties, as the most experienced ophthalmology practice in Southwest Florida.

3. Defendant, LANDMARK AMERICAN INSURANCE COMPANY ("LANDMARK"), was and is a for-profit corporation and doing business in Lee County, Florida as a property, casualty and business interruption insurer.

4. Venue is proper in Lee County, Florida because the incidents that are the subject of

this Complaint occurred in Lee County, Florida and the Defendant does business in Lee County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff is the owner of the property insurance Policy Number LHT399771 issued by Defendant, LANDMARK (the "Policy"). (A copy of the Insurance Policy is attached hereto as Exhibit "1").

6. At all times relevant hereto, LANDMARK provided hurricane insurance coverage and business income coverage for EYE CENTERS under the Policy. The hurricane and business income insurance covered various locations, with a limit of insurance of $16,879,068.00. The pertinent addresses of the insured locations at issue are 4101 Evans Avenue, Fort Myers, Florida and 1320 N 15th St., Immokalee, Florida (collectively "Insured Property").

7. LANDMARK or its agent, sold the Policy, insuring the Insured Property to Plaintiff on or about April 1, 2017.

8. On September 10 and 11, 2017, Hurricane Irma, as predicted by National Hurricane Center of the National Weather Service, passed through Fort Myers and Immokalee, Florida and thereafter caused massive damage caused by the peril of the windstorm during the hurricane, including wind, wind gusts, hail, rain and tornadoes, resulting in direct physical loss or damage to the structures and component parts of the Insured Property.

9. At all times relevant hereto, Plaintiff had an insurance contract in effect with LANDMARK for property damages and business income loss caused by a hurricane. The applicable insurance contract specifically provided coverage for the incident that occurred on and after September 10 and 11, 2017. (See Exhibit "1")

10. Plaintiff's Insured Property, as a result of the above sudden and accidental event,

was severely damaged and/or destroyed. On September 10 and 11, 2017, Hurricane Irma roared ashore at Marco Island, forty-five miles south of Fort Myers. Hurricane force winds engulfed south Fort Myers with gusts of 130 mph. By the time it reached Fort Myers on Sunday evening, the storm was a Category 2 hurricane, after interacting with land, as it moved north. The strength and magnitude of Irma's violent winds and rain leave little doubt that the high velocity wind force and pouring rain was the direct and proximate cause of the damage to Plaintiff's Insured Property. As a result of this damage, subsequent storms and/or weather further aggravated and/or contributed to the property loss.

11. Plaintiff's Insured Property sustained massive damage as a result of a sudden and accidental event that proceeded or occurred as a result of an otherwise covered cause of loss as defined in its policy of insurance.

12. Following the hurricane, Plaintiff notified LANDMARK of its loss and filed a claim.

13. LANDMARK assigned claim number 70301115167 to Plaintiff's claim.

14. On September 14, 2017, LANDMARK assigned the claim to Engle Martin & Associates.

15. Engle Martin & Associates is an independent adjusting company and has no coverage authority.

16. On or about September 25, 2017, Mike Darrow ("DARROW"), General Adjuster from Engle Martin & Associates working for LANDMARK, inspected the Insured Property and found water intrusion, water soaked carpet, damaged ceiling tiles from water leaks on the first and second floor, loss of power, condenser of air conditioner was blown off the air conditioning unit and the wind blew the air conditioning unit away from the base roof curb and support stand.

17. On or about October 4, 2017, DARROW emailed Plaintiff and advised that LANDMARK requested further expert opinion as to the damage at the Fort Myers location and to expect contact from EFI Global Engineering to coordinate another inspection.

18. Plaintiff complied with DARROW's request and allowed EFI Global to inspect the Insured Property.

19. On or about October 23, 2017, DARROW emailed Plaintiff attaching a status of claim letter dated October 20, 2017. The letter confirmed that DARROW had issued their first report to LANDMARK and provided no report to the Plaintiff.

20. On November 30, 2017, Plaintiff sent a detailed letter with attached schedules of the building damages and business interruption losses caused by Hurricane Irma (See Eye Centers letter to Darrow attached Exhibit "2").

21. On December 19, 2017, Plaintiff sent to DARROW copies of the invoices requested for the repairs and replacement for damages to the Insured Property. (See Invoices attached hereto as Exhibit "3").

22. On December 20, 2017, DARROW sent Plaintiff a Reservation of Rights letter.

23. On December 20, 2017, DARROW sent Plaintiff a status of claim letter stating "At this time we are in receipt of claimed building, content, and business interruption damages totaling more than $750,000.00. Please be advised that at this time Landmark American is not in agreement with the presented amount of damages..."

24. After a five month delay, on May 22, 2017, Plaintiff received an email from Kimberly Cleveland ("CLEVELAND") of Engle Martin & Associates advising that the claim had been transferred to her for handling.

25. On May 31, 2018, more than eight months after Hurricane Irma, CLEVELAND

sent Plaintiff a status of claim letter requesting more documents to assist with the business income loss calculation.

26. On May 31, 2018, the undersigned sent a letter of representation.

27. On June 11, 2018, CLEVELAND sent a letter acknowledging the letter of representation.

28. On June 14, 2018, CLEVELAND called the undersigned to discuss the claim. The call ended by Plaintiff requesting a copy of the EFI Global engineer report.

29. After no response from CLEVELAND, on June 19, 2018, Plaintiff emailed CLEVELAND stating, "When we spoke last Thursday you told me that you would forward me a copy of the engineering report."

30. Again after no response from CLEVELAND, on June 21, 2018, Plaintiff emailed CLEVELAND stating, "On June 19, 2018 I emailed you and asked you to provide me with a copy of the engineering report we discussed the previous Thursday, that you told me you would forward to me. I am following up because I have not received the report yet…"

31. Again after no response from CLEVELAND, on June 26, 2018, Plaintiff emailed CLEVELAND stating, "I emailed you on the 19th requesting the engineer's report you described to me the Thursday prior. I am still waiting on the report."

32. Again after no response from CLEVELAND, on June 29, 2018, Plaintiff emailed CLEVELAND stating, "This is my 4th request for a copy of the engineers report. If you are refusing to provide me the report please just let me know."

33. Later on the day of June 29, 2018, CLEVELAND emailed the Plaintiff stating, "I am sorry for any inconvenience however I have not been refusing you. I have been out of the office for the last 2 weeks with limited communication. I am back in the office and I have sent

your request to the carrier. As soon as I receive their approval, I will be contacting you again."

34. As of the date of filing this Complaint, LANDMARK and CLEVELAND have failed or refused to timely respond to the Plaintiff.

35. LANDMARK's adjuster and LANDMARK failed to properly and timely adjust the claim and LANDMARK has denied at least part of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

36. LANDMARK and/or its authorized agents advised the Plaintiff that the value of Plaintiff's covered loss under the Policy was significantly less than the true value of the business interruption damages and/or the necessary repairs to the Insured Property.

37. At all times material hereto, Plaintiff has fully cooperated with LANDMARK and provided access to the Insured Property, as well as claim documentation to the best of its ability.

38. All conditions precedent to recovery have been performed, waived, or have occurred.

### COUNT I
### BREACH OF CONTRACT

39. Plaintiff, EYE CENTERS, sues Defendant, LANDMARK, for Breach of Contract, and reallege and reaver all the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. LANDMARK entered into the subject contract of insurance, the Policy, with Plaintiff wherein it clearly and expressly agreed to provide insurance coverage for business interruption damages, physical loss and damage to property, contents and loss of use directly and proximately caused by a hurricane. Plaintiff in turn paid LANDMARK substantial premiums in consideration for the agreed upon hurricane coverage.

41. Plaintiff has now suffered severe damage to its Insured Property as the direct and

proximate result of Hurricane Irma and LANDMARK has failed or refused to pay the business interruption losses, full replacement costs to repair the damage Insured Property and has consequently been denied the benefit of its bargain.

42. LANDMARK failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, LANDMARK failed or refused to pay the necessary proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the business interruption losses and damaged Insured Property.

43. According to the Policy that Plaintiff purchased from LANDMARK, LANDMARK has a duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including benefits under the Policy, resulting from Hurricane Irma. As a result of Hurricane Irma and/or ensuing losses from Hurricane Irma, both of which are covered perils under the Policy, Plaintiff's business has been interrupted and Insured Property has been damaged.

44. LANDMARK's failure and refusal to pay the adequate compensation it is obligated to pay under the terms of the Policy is a breach of LANDMARK's contract with Plaintiff.

45. As a result of the breach of contract, Plaintiff has suffered the damages described in this Complaint.

46. As a result of LANDMARK's conduct and failure to timely respond and negotiate, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney fees. Plaintiff is entitled to recover these attorney fees under Florida Statute §627.428.

WHEREFORE, Plaintiff, EYE CENTERS, demand judgment against Defendant, LANDMARK, for actual and consequential damages, attorneys' fees, plus prejudgment interest, post judgment interest and costs of suit and a trial by jury of all issue triable of right by jury.

**Counsel for Plaintiff**

GERAGHTY, DOUGHERTY & STOCKMAN, P.A.
Post Office Box 1605
Fort Myers, Florida 33902-1605
Telephone: (239) 334-9500
Primary Email: tom@swfltrial.com
Secondary Email: elisa@swfltrial.com

By:   */s/ Thomas M. Dougherty*
      Thomas M. Dougherty
      Florida Bar No. 8354