UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EYE CENTERS OF FLORIDA, P.A., a
Florida for profit corporation

       Plaintiff,

v.                       Case No:  2:18-cv-547-FtM-38CM

LANDMARK AMERICAN
INSURANCE COMPANY,

       Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is Defendant Landmark American Insurance Company's Motion
to Dismiss Plaintiff's Amended Complaint (Doc. 4) and Plaintiff Eye Centers of Florida,
P.A.'s Memorandum of Law in Opposition (Doc. 12).  For the following reasons, the Court
denies Defendant's Motion.

**Background**

Plaintiff Eye Centers of Florida purchased hurricane and business-income
insurance from Defendant Landmark.  (Doc. 2 at 2).  The policy covered, among other
property, Eye Centers' clinics in Fort Myers and Immokalee, Florida.  (Doc. 2 at 2).  When
Hurricane Irma hit Southwest Florida in September 2017, it severely damaged the clinics,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
websites.  These hyperlinks are provided only for users' convenience.  Users are
cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By
allowing hyperlinks to other websites, this Court does not endorse, recommend, approve,
or guarantee any third parties or the services or products they provide on their websites.
Likewise, the Court has no agreements with any of these third parties or their websites.
The Court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the Court.

and Eye Centers filed a claim with Landmark, and an adjuster inspected the property two weeks later.  (Doc. 2 at 3).  Over the next few months, Eye Centers sent Landmark schedules of its losses and invoices for repairs and replacements.  (Doc. 2 at 4).  In response, Landmark expressed disagreement with the amount of damages Eye Centers claimed.  (Doc. 2 at 4).  After about seven months of unfruitful communications between Eye Centers and Landmark's adjuster, Eye Centers sued Landmark in Florida state court for refusing to pay for covered losses despite the performance or waiver of all conditions precedent, and Landmark removed the action to this Court.  (Doc. 1).  Landmark now moves to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 4).

## Discussion

When considering a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege

more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

The Amended Complaint asserts a single claim for breach of contract. (Doc. 2). Landmark presents its argument for dismissal of the claim in three parts: (1) a bad-faith action is premature because liability and damages have not been determined; (2) the Amended Complaint is comprised of bad-faith allegations; and (3) if the bad-faith allegations are excluded from consideration, the remaining allegations fail to state a breach-of-contract claim. (Doc. 4). In short, Landmark argues that Eye Centers' breach-of-contract claim is subsumed by a phantom bad-faith claim. But the cases Landmark cites only show that a breach-of-contract claim may be dismissed when duplicative of a contemporaneously pled bad-faith claim, or when the plaintiff fails to plead a specific breach. *See Clement v. Prudential Prop. and Cas. Ins. Co.*, 790 F.2d 1545, 1547 (11th Cir. 1986) (dismissal of a breach-of-contract claim was proper because it was indistinguishable from the plaintiff's bad-faith claim); *Chisholm v. Nat. Assurance Co.*, No. 6:14-CV-1521-ORL-41KRS, 2015 WL 12839782, at *2 (M.D. Fla. Sept. 14, 2015) (dismissing a breach-of-contract claim because the plaintiff failed to produce the subject insurance policy or to specify what provisions were breached); *Padilla v. Travelers Home and Marine Ins. Co.*, No. 6:14-CV-1770-ORL-28KRS, 2015 WL 3454308, at *4 (M.D. Fla. May 29, 2015) (finding a breach-of-contract claim insufficiently pled because the plaintiff's failure to specify which provision was breached rendered the court unable to determine whether the claim was duplicative of plaintiff's bad-faith claim).

Eye Centers counters that it does not assert a bad-faith claim and that it's Amended Complaint states a *prima facie* claim for breach of contract. (Doc. 12). In

Florida, the elements for breach of contract are "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Cordell Funding, LLLP v. Jenkins*, 722 F. App'x 890, 894-95 (11th Cir. 2018) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). The Amended Complaint alleges the existence of a contract for insurance coverage between the parties, performance or waiver of all conditions precedent to recovery, breach of Landmark in refusing to pay benefits owed under the policy, and damages. (Doc. 2). These allegations provide a plausible basis for relief. *See DiDomenico v. New York Life Ins. Co.*, 837 F. Supp. 1203, 1205 (M.D. Fla. 1993). And Eye Centers bolsters its allegations by attaching the policy as an exhibit, along with the loss schedules and invoices Landmark has refused to pay. Eye Centers has adequately pled a claim for breach of contract.

Accordingly, it is now

**ORDERED:**

1. Defendant Landmark American Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 4) is **DENIED**.

2. Defendant must file an answer to the Amended Complaint on or before **October 2, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record

4